IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  06-30002 |
| ) | |
| GERALD LIPPOLD et al., ) | |
| ) | |
| Defendant. ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendant Gerald Lippold's Motion to Dismiss Indictment for Duplicity (d/e 16).  Defendant contends that the Indictment in this case is duplicitous and thus should be dismissed.  For the reasons set forth below, the Motion is DENIED.

Defendant Lippold contends that the Indictment in this case should be dismissed because the single-count Indictment charges him for multiple violations that occurred between March of 2003 and the beginning of June of 2003, without specifying the dates of the alleged conduct.  The Defendant contends that each day of violation should be charged separately, especially in light of the fact that the Clean Water Act (CWA) provides for

1

a penalty to be assessed daily. In support of his argument, Defendant Lippold cites <u>United States v. Oxford Royal Mushroom Products, Inc.</u>, for the proposition that each alleged violation should be charged separately in the Indictment. <u>Oxford Royal Mushroom Products</u>, 487 F.Supp. 852 (E.D. Penn. 1980). Defendant Lippold asks the Court to disregard the Seventh Circuit's holding in <u>United States v. Chemetco, Inc.</u>, which clarified <u>Oxford</u> by noting that "all *Oxford* shows is that the indictment here could have charged Chemetco for each individual day of violation without being defective, not that it had to charge individual days separately." <u>Chemetco</u>, 274 F.3d 1154, 1160 (7th Cir. 2001). The Defendant further contends that following <u>Chemetco</u> will violate his "rights to be protected from double jeopardy, his right to be protected from prejudice with respect to evidentiary rulings during trial and his right to not be subject to conviction by a verdict that is not unanimous." <u>Defendant's Motion to Dismiss Indictment for Duplicity</u> at 2.

This Court is "obliged to follow the [law of the Seventh Circuit] rather than a contrary decision of a district judge elsewhere." <u>United States v. Krilich</u>, 178 F.3d 859, 861 (7th Cir. 1999). Thus, this Court applies the law of the Seventh Circuit to the instant case. In considering whether

Congress intended the number of days that a defendant committed the alleged violation as a sentencing factor or an element of a crime, the <u>Chemetco</u> court found that the unambiguous statutory language of the CWA showed that "Congress intended the number of violation days to be a sentencing factor and not an element of a CWA offense." <u>Chemetco</u>, 274 F.3d at 1159.  Moreover, the <u>Chemetco</u> court found that Congress did not intend that each day of a CWA violation be charged as a separate offense.  As such, it appears that it is acceptable to charge violations of the CWA as a single count or as multiple counts.

THEREFORE, Defendant Lippold's Motion to Dismiss Indictment for Duplicity (d/e 16) is DENIED.

IT IS THEREFORE SO ORDERED.

ENTER:   June 2, 2006.

FOR THE COURT:

s/ Jeanne E. Scott  
JEANNE E. SCOTT  
UNITED STATES DISTRICT JUDGE