IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | No.  06-30002 |
| ) | |
| GERALD LIPPOLD, et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendant Gerald Lippold's Motion In Limine to Bar Testimony Concerning Levels of Vanadium in Alleged Discharges (d/e 48).  Defendant Lippold seeks to bar the Government from introducing any evidence relating to the levels of vanadium in the alleged discharges to the unnamed intermittent tributary of the Sangamon River (Sangamon tributary) for the reason that the introduction of such evidence would constructively amend the Indictment. For the reasons set forth below, Defendant Lippold's Motion In Limine is DENIED.

On June 21, 2006, the Government filed its expert witness disclosure

which states in part that Government expert witness Paul Connelly conducted laboratory tests on various samples collected from the pond on Curry's property on April 2, 2003, and the test results revealed high levels of boron and vanadium in the samples. Connelly states in the disclosure that "such results are consistent with the samples having come from an ash pond." Government's Disclosure of Experts (d/e 42), p. 2.

In the present case, the Indictment (d/e 1) alleges that Defendant Lippold and his co-defendants caused discharges of a substantial amount of boron ash wastewater into the Sangamon tributary in or about the early part of June of 2003, in violation of the Clean Water Act. The Indictment further alleges that "boron ash wastewater" constitutes a pollutant within the meaning of the Clean Water Act. The Government seeks to introduce evidence concerning elevated levels of vanadium in the alleged discharges based on the fact that Government expert witness Connelly's laboratory test results revealed that samples collected from Curry's property on April 2, 2003, contained high levels of boron and of vanadium and that any discharge of vanadium would necessarily have also included a discharge of boron. The Government also argues that the high levels of both vanadium and boron are relevant to show that this is consistent with contaminated

2

samples coming from a coal ash pond, which goes toward proving a pollutant as defined under the Clean Water Act.

"'Except as to matters of form or surplusage, there is a per se rule prohibiting judicial amendments to the terms of an indictment . . . In <u>Stirone v. United States</u>, 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960), the Supreme Court held that events at trial can effectively amend an indictment, requiring reversal of a conviction even in the absence of a formal amendment.'"[1]  <u>United States v. Muelbl</u>, 739 F.2d 1175, 1179 (7th Cir. 1984) (quoting <u>United States v. Cusmano</u>, 659 F.2d 714, 717-18 (6th Cir. 1981)). A constructive amendment of an indictment "occurs when 'the offense proved at trial was not fully contained in the indictment, for trial evidence had 'amended' the indictment by *broadening* the possible bases for conviction from that which appeared in the indictment.'" <u>United States v.</u>

---

[1] <u>Stirone</u> involved a case in which the Supreme Court found that evidence introduced at trial resulted in a constructive amendment of the indictment. The indictment in <u>Stirone</u> charged the defendant with unlawfully interfering with interstate importation of sand in violation of the Hobbs Act. At trial, however, in addition to allowing evidence relating to sand, the district court also allowed the Government to introduce evidence that defendant unlawfully interfered with interstate exportation of steel. The Supreme Court held that this error committed by the district court "destroyed the defendant's substantial right to be tried only on charges presented in an indictment returned by a grand jury. Deprivation of such a basic right is far too serious to be treated as nothing more than a variance and then dismissed as harmless error." <u>Stirone</u>, 361 U.S. at 217.

Kuna, 760 F.2d 813, 817-18 (7th Cir. 1985) (quoting United States v. Miller, 471 U.S. 130, 138 (1985)).

The per se rule against amendments or constructive amendments was established to achieve the following purposes: (1) to provide notice to the defendant of the charges he will face at trial; (2) to provide notice to the court so that it may determine if the alleged facts are sufficient in law to support a conviction, prevention of further prosecution for the same offense; and (3) to assure that a group of citizens independent of prosecutors or law enforcement officials have reviewed the allegations and determined that the case is worthy of being presented to a jury for a determination of the defendant's guilt or innocence. United States v. Beeler, 587 F.2d 340, 342 (7th Cir. 1978) (citing United States v. Radetsky, 535 F.2d 556, 562 (10th Cir. 1976)).

The Court is not persuaded by Defendant Lippold's argument that allowing evidence that the alleged discharges also contained elevated levels of vanadium would constructively amend the Indictment.  The present case is distinguishable from Stirone and other cases that Defendant Lippold cites in support of his argument because, as noted by the Government, "in all the cases cited by the defendant, the instructions given by the trial court

allowed the defendants to be convicted on the basis of evidence that was not charged in the indictment." Government's Response to Defendant Lippold's Motion In Limine (d/e 51), p. 2-3; see Stirone, 361 U.S. at 271-72; Cusmano, 659 F.2d at 717; & Beeler, 587 F.2d at 342-43. This Court, however, will give limiting jury instructions informing the jury that the Defendant is not charged with a crime in connection with any discharge of vanadium and that the evidence of the presence of vanadium is only to be considered with respect to the thoroughness of Connelly's testing procedures and findings. The Court will also give the jury instructions at the end of the evidence telling the jury it may find the Defendants guilty of violating the Clean Water Act only if the Government proves, among other things, that boron constitutes a pollutant within the meaning of the Clean Water Act and that the pollutant alleged to have been discharged by the Defendants in this case was boron. Any prejudicial effect on the Defendants or juror confusion resulting from Connelly's proposed testimony regarding the presence of vanadium in the samples he analyzed would be eliminated by the jury instructions. Moreover, Connelly's proposed testimony regarding the presence of vanadium in the samples collected from Curry's property would serve to provide a full and complete report of Connelly's analysis.

5

Limiting Connelly's testimony to the presence of boron would result in an incomplete report of Connelly's findings.

THEREFORE, for the reasons set forth above, the Government's Motion In Limine to Bar Testimony Concerning Levels of Vanadium in Alleged Discharges (d/e 48) is DENIED.

IT IS THEREFORE SO ORDERED.

ENTER:   December 5, 2006.

    FOR THE COURT:

                              s/ Jeanne E. Scott
                              JEANNE E. SCOTT
                    UNITED STATES DISTRICT JUDGE