IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | No.  06-30002 |
| GERALD LIPPOLD, | ) | |
| Defendant. | ) | |

# OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter came before the Court on March 17, 2008, for the sentencing of Defendant Gerald Lippold.  Defendant Lippold appeared in person and by his attorneys Thomas Schanzel-Haskins and Claire A. Manning.  The Government appeared by Assistant United States Attorney Patrick J. Chesley.

On November 13, 2007, Defendant Lippold entered a plea of guilty to Count I of the Superseding Indictment (d/e 79), which charged him with knowingly causing pollutants to be discharged from a point source into waters of the United States without an NPDES permit issued under 33 U.S.C. § 1342, all in violation of 33 U.S.C. §§ 1311(a) and 1319(c)(2)(A)

and 18 U.S.C. § 2. At his sentencing hearing on March 17, 2008, the Court accepted that plea.

The United States Probation Office prepared a Revised Presentence Investigation Report (PSR) dated March 4, 2008. Neither party offered any objections to the PSR. Defendant Lippold's plea agreement specified that the parties would not object to a sentence based on a final offense level of 10. The Court could reach a final offense level of 10 by several different methods, however. It chose to do so by adopting the low end of every Guideline range available. Under U.S.S.G. § 2Q1.3(a), Defendant Lippold's base offense level was 6. Under U.S.S.G. § 2Q1.3(b)(1)(A) Application Note 4, the Court imposed an upward adjustment of 4 for ongoing or repetitive discharge of a pollutant. Under U.S.S.G. § 2Q1.3(b)(4) Application Note 7, the Court imposed an upward adjustment of 2 for discharge without a permit. Under U.S.S.G. § 3B1.1, the Court imposed an upward adjustment of 2 for Defendant Lippold's role as a manager or supervisor in the offense. Per U.S.S.G. § 2Q1.3 Application Note 3, the Court imposed a reduction of 2 because a portion of the pollutant entered a creek through negligence. Finally, the Court granted Defendant Lippold a 2-point reduction for acceptance of responsibility.

2

The Court adopted all other findings of the PSR as its own. Accordingly, the Court found that Defendant Lippold had a final offense level of 10 and was in Criminal History Category I, resulting in an advisory Guideline sentencing range of 6-12 months imprisonment, in Zone B of the Guidelines. The Court noted that the Guidelines are advisory, and that the Court was required to exercise judgment to determine Defendant Lippold's sentence, considering the Guidelines, the statutory sentencing factors, and all other relevant information. United States v. Booker, 543 U.S. 220 (2005); 18 U.S.C. § 3553(a).

Exercising that judgment, the Court found that Defendant Lippold presented significant mitigating factors. In each instance in which the Guidelines offer a range of possible points, the Government agreed to the low end. The Government also agreed that at least a portion of the discharge at issue resulted through Defendant Lippold's negligence. Additionally, the Government did not object to the PSR's contention that Defendant Lippold's crime resulted in no environmental contamination. The Court notes that Defendant Lippold had virtually no criminal record. In his 66 years, he was convicted only of speeding. Defendant Lippold also has a history of significant positive involvement in his community.

THEREFORE, after considering the case file, the evidence presented, the Guidelines, the relevant statutory sentencing factors, the arguments of counsel, and the statement of Defendant Lippold, the Court sentenced Defendant Lippold to a term of 18 months probation, with a condition of 4 months home confinement.  Home confinement is to begin as soon as the Probation Office can set up electronic monitoring for Defendant Lippold.  The Court ordered Defendant Lippold to pay a $100,000.00 fine, $20,000.00 of which must be paid within 10 days of the sentencing hearing.  The remaining $80,000.00 may be paid at a rate of $8,000.00 a month until the fine is fully paid, though Defendant Lippold may satisfy his obligation early.  The Court also ordered Defendant Lippold to pay a $100 special assessment, due immediately.  The Court then informed Defendant Lippold of his right to appeal his sentence.

IT IS THEREFORE SO ORDERED.

ENTER:   March 19, 2008

    FOR THE COURT:

        s/ Jeanne E. Scott
        JEANNE E. SCOTT
    UNITED STATES DISTRICT JUDGE